The People of the State of New York, Respondent, v Jose Ortiz, Appellant.—Judgment, Supreme Court, New York County, rendered April 13, 1973, convicting defendant, upon a jury verdict, of criminal sale of a dangerous drug, third degree, and criminal possession of a dangerous drug, fourth and sixth degrees, unanimously reversed, on the law and in the interest of justice, and the case remanded for a new trial. The alleged sale which is the basis of the charges against defendant occurred in front of a building located at 2016 Davidson Avenue, Bronx County. Defense counsel in his opening statement asserted that defendant had never been in the vicinity of No. 2016 Davidson Avenue. During the course of the trial, said attorney stated to the court that, through error, he had specified the location of the alleged sale as No. 2116 Davidson Avenue in correspondence with his client and the latter informed him that he never passed by that location. Despite receipt of a bill of particulars indicating that the sale took place at 2016 Davidson Avenue, defense counsel did not realize the discrepancy until the evening of the second day of trial (March 21, 1973). At that time he traveled with his client to the Bronx and discovered that 2016 Davidson Avenue was one-half block from defendant's home and had been passed by defendant on numerous occasions. Therefore on the next day of trial, March 22, 1973, defense counsel requested that he be allowed to bring out this error to the jury in order to prevent possible prejudice. The trial court stated that counsel could bring out the mistake during his summation. The prosecutor contended that despite counsel's assertion that he had received the erroneous information from the District Attorney's office prior to receipt of the bill of particulars, it was a unilateral error on counsel's part and he could rely only on the bill of particulars. An attempt by the defense to question defendant about the error in addresses was frustrated by the prosecutor's objections. Defendant readily admitted that he lived one-half block from 2016 Davidson Avenue and had passed that building numerous times. Prior to summations, defense counsel requested that he be permitted to correct the error made in his opening statement during his summation. The trial court sustained the prosecutor's objection premised on the argument that anything said in summation is limited to the testimony elicited during trial. However, the prosecutor in summation, over repeated objection by defense counsel, referred not to evidence at trial, but to defense counsel's opening error. On this record, devoid of overwhelming proof of guilt, the character of the prosecutor's summation was patently prejudicial and, in effect, denied defendant a fair trial. It is also noted that the cross-

examination of defendant concerning a 1972 conviction was conducted in an overextended manner and on that basis became improper. The prosecutor was clearly attempting to portray defendant as a casual drug pusher and continued this improper tactic in summation by characterizing defendant as a liar and a drug seller (See *People v Sandoval,* 34 NY2d 371). Concur—Kupferman, J. P., Murphy, Lupiano and Birns, JJ.; Silverman, J., concurs in the following memorandum: Silverman, J. (concurring). While I think the defendant's attorney should have been given an opportunity on summation to apologize to the jury for his misstatement on the opening, I would not think the incident rated more than that and would not reverse because of that incident. But I think the other cross-examination and the summation were excessively prejudicial.