■ THE PEOPLE OF THE STATE OF NEW YORK v ROBERT BAKER.—Motion for reargument granted only to the extent of deleting the first sentence in the third full paragraph on page 2 of the memorandum decision of this court, by substituting therefor the following sentence, and by republishing said memorandum decision as amended: "We note that there was further error committed when the court excluded certain testimony related to two documents, as well as other testimony, all of which was designed to prove that the alleged 'buy' was a fabrication." In all other respects the motion for reargument is denied. Concur—Stevens, P. J., Markewich, Lane, Nunez and Lynch, JJ.

## (Republished)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BAKER, Appellant.—Judgment, Supreme Court, Bronx County, rendered August 7, 1973, after a jury trial, convicting the defendant of the crime of criminal sale of a dangerous drug in the third degree, unanimously reversed, on the law, and a new trial directed. The defendant allegedly sold five envelopes containing heroin to an undercover police officer on November 3, 1972. The contention of the defendant was to have been that he was being "framed" by the police officers involved and by the office of the District Attorney as a result of his refusal to co-operate in the investigation of sales of drugs. During defense counsel's opening comments to the jury, he was prohibited from stating that he would prove that the defendant Robert Baker had been framed. This circumscription was founded on the theory that the only date of importance and about which evidence could be adduced was the date of the alleged sale of drugs (namely, November 3). The exclusion of evidence related to dates other than November 3 was successfully continued throughout the trial. Nevertheless, on summation, the Assistant District Attorney continually referred to comments made by counsel for the defendant in his opening statement regarding an alleged frame-up. Any allusions by defense counsel to a frame-up were limited to statements placed in the record at a side-bar conference among the Judge, the Assistant District Attorney, and defense counsel. During the trial, the jury was never aware of any defense of a frame-up because counsel was precluded from introducing that theory. The summation by the prosecution, therefore, which continually referred to counsel's failure to prove that which he set forth to prove and which, in the context of this case, amounted to reference to extrinsic matters not in evidence, could only result in prejudice to the defendant's case and constituted reversible error (cf. People v Ortiz, 51 AD2d 710). We note that there was further error committed when the court excluded certain testimony related to two documents, as well as other testimony, all of which was designed to prove that the alleged "buy" was a fabrication. The documents were a "buy sheet" (a form filled out by every undercover officer immediately after a sale of drugs to him) and Baker's arrest warrant. The proposed testimony excluded was that of a

court clerk and an employee of the Department of Correction. The defendant had changed his address after November 3, 1972, the date of the alleged sale. The arrest warrant had his true address as of the date of the sale, and the testimony of the court clerk and the Department of Correction employee would be as to the true address of the defendant at the time of his arrest. The Department of Correction employee would also have testified that the defendant had very little money with him when he was arrested. The "buy sheet" (allegedly filled out at the time of the sale in November, 1972) contained an address to which Baker moved after his release on bail in January, 1973. We find that this evidence was both relevant and admissible and was improperly excluded. Concur—Stevens, P. J., Markewich, Lane, Nunez and Lynch, JJ.